UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHMOND BROWN TAYLOR, 224931,

Plaintiff,

v.

CASE NO. 05-CV-71384-DT
HONORABLE VICTORIA A. ROBERTS

MICHIGAN DEPARTMENT OF CORRECTIONS, et al.,

Defendants.
_________________________________/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I. Introduction

Before the Court is Plaintiff Richmond Brown Taylor's civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Huron Valley Men's Facility in Ypsilanti, Michigan. Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action.

In his complaint, Plaintiff appears to allege that the defendants have conspired against him in his criminal and/or prison misconduct proceedings. Plaintiff seeks monetary damages and injunctive relief. Having reviewed the complaint, the Court dismisses it pursuant to 42 U.S.C. § 1997e(a) for failure to demonstrate exhaustion of administrative remedies.

II. Discussion

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust all available administrative remedies before filing a federal lawsuit challenging his conditions of

confinement. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Wyatt v. Leonard*, 193 F.3d 876, 877 (6th Cir. 1999). To demonstrate exhaustion of administrative remedies, a prisoner should attach the decision containing the administrative disposition of his grievance or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). A prisoner must exhaust administrative remedies as to each defendant and as to each claim identified in the complaint. *See Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001). The exhaustion requirement applies to § 1983 actions brought by state prisoners even if those prisoners seek monetary relief. *See Lavista v. Beeler*, 195 F.3d 254, 256-57 (6th Cir. 1999).

Federal courts may enforce the exhaustion requirement *sua sponte*. *See Brown*, 139 F.3d at 1104. When a prisoner fails to exhaust administrative remedies before filing a civil rights complaint in federal court, or only partially exhausts administrative remedies, dismissal of the complaint is appropriate. *See* 42 U.S.C. § 1997e(a); *Smith v. Federal Bureau of Prisons*, 300 F.3d 721, 723 (6th Cir. 2002). Under the PLRA, a prisoner may not amend the complaint to cure the failure to plead exhaustion of administrative remedies. *See Baxter v. Rose*, 305 F.3d 484, 488 (6th Cir. 2002).

In his complaint, Plaintiff claims that has exhausted administrative remedies as to his claims, but does not set forth with sufficient specificity what steps he took to fully and properly exhaust his administrative remedies, nor does he attach any grievances or other administrative requests that he may have submitted to prison officials. Plaintiff has not met his burden of showing that he has fully exhausted his administrative remedies. His complaint must therefore

be dismissed.

III. Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to demonstrate exhaustion of administrative remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's civil rights complaint.

Lastly, the Court concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: May 5, 2005

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 5, 2005.

s/Carol A. Pinegar
Deputy Clerk

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHMOND BROWN TAYLOR, 224931,

Plaintiff,

v.

CASE NO. 05-CV-71384-DT
HONORABLE VICTORIA A. ROBERTS

MICHIGAN DEPARTMENT OF CORRECTIONS, et al.,

Defendants.
_____________________________________/

The above-entitled matter having come before the Court, Honorable Victoria A. Roberts, United States District Judge, presiding, and in accordance with the Opinion and Order entered on this date;

**IT IS ORDERED AND ADJUDGED** that Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 is **DISMISSED WITHOUT PREJUDICE.**

**S/Victoria A. Roberts**
**Victoria A. Roberts**
**United States District Judge**

**Dated: May 5, 2005**

**The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 5, 2005.**

**s/Carol A. Pinegar**
**Deputy Clerk**