UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHMOND BROWN TAYLOR, 224931,

        Plaintiff,

                                        CASE NO. 05-CV-71384-DT
v.                                    HONORABLE VICTORIA A. ROBERTS

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

        Defendants.
_____/

## ORDER DENYING PETITION FOR REHEARING

Before the Court is Plaintiff Richmond Brown Taylor's "Petition for Rehearing on the Grounds that Plaintiff Can Prove Exhaustion if the Court Order Legal Photocopying and PreDeprivation Ex Ante Relief." In his motion, Plaintiff requests that the Court require prison officials to make photocopies on his behalf so that he may demonstrate exhaustion of administrative remedies. He also seeks appointment of counsel or a special master and asserts that he has raised colorable claims for relief in his complaint.

The Court, however, has dismissed Plaintiff's civil rights complaint for failure to demonstrate exhaustion of administrative remedies and this matter is closed. The Court may not permit Plaintiff to amend his complaint to comply with the exhaustion requirement and defeat dismissal under 28 U.S.C. § 1915(e)(2). *See Baxter v. Rose*, 305 F.3d 486, 488-89 (6th Cir. 2002) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997)); *see also Moniz v. Hines*, 2004 WL 259214, *4 (6th Cir. Feb. 10, 2004) (unpublished). Additionally, to the extent Plaintiff

1

seeks reconsideration of the Court's dismissal of his action, he is not entitled to relief.  A motion

for reconsideration which presents issues already ruled upon by the district court, either

expressly or by reasonable implication, will not be granted.  *See Hence v. Smith*, 49 F. Supp. 2d

547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D.

Mich. 1997).  Plaintiff has not met his burden of showing a palpable defect by which the Court

has been misled or his burden of showing that a different disposition must result from a

correction thereof, as required by Local Rule 7.1(g)(3).  Furthermore, because the Court

dismissed Plaintiff's complaint without prejudice, there is no manifest injustice to justify

reconsideration of the dismissal order.  Plaintiff retains the opportunity to file a properly pleaded

complaint.

Accordingly, Plaintiff's Petition for Rehearing is **DENIED**.

**IT IS SO ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  May 19, 2005

The undersigned certifies that a copy of this
document was served on the attorneys of record
by electronic means or U.S. Mail on May 19,
2005.

s/Carol A. Pinegar
Deputy Clerk

2